### FLOOD v ELYRIA (city)

Ohio Appeals, 9th Dist, Lorain Co

No 798.   Decided Oct 30, 1936

John B. Hancock, Elyria, and Webber & Black, Elyria, for appellee.

H. C. Cheney, City Solicitor, Elyria, for appellant.

### OPINION

By WASHBURN, J.

In the city of Elyria, and near the outskirts thereof, there is a north-and-south street which has been in existence for many years.   Along the west side of said street there is maintained a stone sidewalk, duly approved by the city, but there are no dwelling houses upon the lots facing upon that side of said street.

Upon the lots facing the street on the east side, opposite said sidewalk, there are and have been for many years several dwellings, but there is no sidewalk on that side of the street in front of said buildings.

The street, along in front of said dwelling houses, was improved but not curbed, and the street drained into ditches along both sides of the improved portion of said street.   Said ditches were not very wide, nor very deep, and the jury were justified in finding that the people, many years before the accident hereinafter mentioned, had constructed a crosswalk of planks over the ditch on the west side of the street to facilitate their passing from the residences on the east side of the street to said sidewalk on the west side, and that a representative of the city, having in charge the upkeep and repair of said street, considering the use of said planks to be dangerous, removed the same and placed them in a pile not far removed from that vicinity; that thereafter said planks were replaced across the ditch on the west side of said street leading from the roadway to said sidewalk by persons unknown, and that after said replacement, said representative of the city cleaned out said ditch but permitted the planks to remain, and that they so remained for a period of more than 3 years before the accident, and that the planks where the accident happened were defective and out of repair, and that the city was charged with knowledge thereof if it was charged with the duty of either removing or repairing said planks.

Plaintiff in the Common Pleas Court (appellee in this court) returned home along said sidewalk, and, while using said planks in crossing from the sidewalk to the paved portion of the street, suffered a severe injury; and she brought this action against the city to recover damages for such injury.   The trial resulted in a verdict and judgment in said appellee's favor, and the appellant has appealed to this court on questions of law.

It should be stated that there were no intersecting streets, and that there were a number of places where such plank crosswalks were placed; however, they were not placed at regular intervals.

If the city was charged with the duty of exercising ordinary care in keeping the plank crossing in question in repair, the finding of the jury in this case that the

city was negligent, and that the appellee was not guilty of contributory negligence, is not manifestly against the weight of the evidence.

The important contention of the city is that the city did not place said planks across said ditch or accept the same as a part of its highway system, and that the planks were not in general use by the public, and that therefore the city was not responsible for their being there, nor for their use by the people living on the easterly side of said highway, since said people were not in any way invited by the city to use said planks in going to and from their residences to said sidewalk; and the city further contended that it was not liable on the theory that said planks constituted a nuisance in the street.

It is true that the planks were not in the portion of the street intended for east and west travel, but it is also true that the city did not provide any facilities for the use of the people living on the east side to cross over to said sidewalk, and the jury were fully justified in finding that the city had knowledge, both actual and constructive that said planks had been ▆▆▆▆▆▆▆ ▆ so placed and for a long time had been in use by those living on the east side of the street in traveling to and from town.

It is also true that the planks were not at places where the city, by its improvement of the street, had indicated crossings were to be located, but they were in the street and at places that had for a long time been used as crossings, and the city had both actual and constructive knowledge of that fact. The evidence warrants the conclusion that, under the facts shown by the record, the crosswalk in question was of utility to and used by the general public, and that the city knew said facts; at least, a finding by the jury that the utility to and the amount of use by the public generally were such as to constitute an invitation to the public to use the same in crossing the street and ▆▆▆▆▆▆▆ ▆ were sufficient to cast upon the city the duty of keeping the same in repair, is not manifestly against the weight of the evidence.

The trial court specifically charged the jury that, unless said planks were of utility to and used by the general public, the city was "under no obligation to maintain or repair" the same.

The trial court also instructed the jurors that it was a fact for them to determine as to whether the planks in question, constructed and used as they were, constituted a crosswalk in general use, and that if they did, it was the duty of the defendant to exercise ordinary care in keeping the same in repair.

We find no prejudicial error in so charging, and we are not of the opinion that the findings of the jury are manifestly against the weight of the evidence.

The case in Ohio relied upon by the appellant as authority for its contention that as a matter of law the city was not charged with any duty in reference to said crosswalk of planks, in the case of **Dering v City of Cleveland, 102 Oh St 94.**

That case is not very fully reported, and as the writer wrote the opinion of the Court of Appeals in that case (which opinion is unreported), it seems proper to point out that that case involved an injury on a foot bridge built across a creek in the woods on land acquired by the city for boulevard and park purposes, which had not been in any manner improved by the city or opened by the city for public travel or use, and which bridge had been built by people residing in the neighborhood who were in the habit of crossing said unimproved land to get from one part of the city to another; the city did not give permission to build the bridge, and did not have any actual knowledge that it had been built, and said bridge did not serve any purpose for which the land was acquired or intended. The real question decided in that case was that it is not the duty of a municipality to keep its streets and public grounds in repair and free from nuisance, as required by statute, until it opens the same for public travel or use, or in some other manner invites the public to use the same for the public purposes for which the land was acquired.

It is apparent that that case differs in so many particulars from the instant case that it is not decisive of the instant case.

We have examined the other matters complained of by the appellant, and find no prejudicial error in the record, and therefore the judgment is affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.